PROB 12C
(06/17)

May 22, 2026
pacts id: 8386471

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

ARIZONA CASE NO: 26-01443MJ

**Name of Offender:** Jose Ramon Carrazco (English)          **Dkt. No.:** 23CR00738-001-BAS

**Reg. No.:** 51091-510

**Name of Sentencing Judicial Officer:** The Honorable Cynthia Ann Bashant, Chief U.S. District Judge

**Original Offense:** 8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(II), Transportation of Certain Aliens and Aiding and Abetting, a Class D Felony.

**Date of Revocation Sentence:** January 16, 2026

**Sentence:** 7 months' custody, consecutive to any time spent in state custody; 12 months' supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release          **Date Supervision Commenced:** February 27, 2026

**Asst. U.S. Atty.:** Ashley Kaino-Allen          **Defense Counsel:**    Matthew C. Binninger
(Appointed)
619-889-2665

**Prior Violation History:** Yes. See prior court correspondence.

**Absconded From Supervision:** Yes.

---

## PETITIONING THE COURT
### TO ISSUE A BENCH WARRANT

Case 3:23-cr-00738-BAS Document 82 (Court only) Filed 05/26/26 PageID.293
Case 2:26-mj-01443-JPM Document 1 Filed 06/02/26 Page 2 of 6
Page 2 of 6

PROB12(C)

Name of Offender: Jose Ramon Carrazco

May 22, 2026

Docket No.: 23CR00738-001-BAS

Page 2

The probation officer believes that the offender has violated the following condition(s) of supervision:

## CONDITION(S)

## ALLEGATION(S) OF NONCOMPLIANCE

### (Standard Condition)
After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

1. On or about March 10, 2026, Mr. Carrazco failed to report in person to the U.S Probation Office as instructed.

### (Standard Condition)
The defendant must follow the instructions of the probation officer related to the conditions of supervision.

***Grounds for Revocation:*** As to allegation 1, on or about March 4, 2026, Mr. Carrazco reported to the U.S Probation Office in El Centro, by telephone; he asked the probation officer if he should report to Arizona or California for his new term of supervision. Mr. Carrazco was previously supervised by the District of Arizona (Yuma office) during his previous term of supervised release, prior to his revocation. Mr. Carrazco was directed by the probation officer to report to the District of Arizona to inquire if his case would be supervised by that district or if he needed to report to the Southern District of California. Mr. Carrazco was further directed to report to the Southern District of California within 72 hours of reporting to the District of Arizona if informed that they would not be supervising his new term of supervised release.

The probation officer subsequently contacted the District of Arizona to determine whether Mr. Carrazco reported to their district, as instructed. As of the filing of this report, there is no record that Mr. Carrazco reported to the District of Arizona on or after March 4, 2026, nor did he report again to the probation office in the Southern District of California.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Mr. Carrazco was released from the Bureau of Prisons on or about February 27, 2026. He has not made himself available to the probation officer since he last called the probation office on March 4, 2026. The probation officer attempted to reach Mr. Carrazco by telephone to return him to compliance; however, attempts to reach him were ultimately unsuccessful.

In a final attempt to locate Mr. Carrazco, the probation officer requested assistance from the District of Arizona to conduct a home visit at Mr. Carrazco's last reported address in Yuma, Arizona. On May 8, 2026, a probation officer from the District of Arizona attempted to contact Mr. Carrazco at his last known address. The probation officer in Arizona reported that contact was made with persons who reported they did not know who Mr. Carrazco was and that he did not reside there. On May 20, 2026, the probation officer received a voicemail from an

Case 2:26-mj-01443-JFM Document 1 Filed 06/02/26 Page 3 of 6

PROB12(C)
Name of Offender: Jose Ramon Carrazco

May 22, 2026

Docket No.: 23CR00738-001-BAS

Page 3

unknown number. In the message, an individual claimed to be Mr. Carrazco and reported he had entered a detox program in Phoenix, Arizona. The caller did not provide the name of the program or any other information.

## OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Carrazco is 50 years old and last reported residing in Yuma. Arizona with his girlfriend. Mr. Carrazco's criminal record includes arrests or convictions for trespassing, assault, obstructing government operations, driving with a suspended license numerous times, misconduct involving weapons, armed robbery with a deadly weapon, disorderly conduct, drug possession, and multiple failures to appear.

Records reflect that Mr. Carrazco commenced his first term of supervised release in this matter on January 27, 2025. On September 3, 2025, the probation office submitted a petition for warrant, alleging Mr. Carrazco committed misconduct involving weapons, in violation of Arizona law. The probation office also alleged he used methamphetamine and cocaine, associated with a convicted felon on two occasions, drove without a license, and failed to report contact with law enforcement on several occasions. On January 16, 2026, Your Honor revoked supervised release and sentenced Mr. Carrazco to 7 months' custody, consecutive to any time spent in state custody, followed by 12 months' supervised release.

## SENTENCING OPTIONS

## CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions**: The allegations (Failure to report and follow probation officer's instructions) constitute Grade C violations. USSG §7C1.1(a)( 3)(B), p.s.

Upon a finding of a Grade C violation, it may be appropriate for the court to revoke supervised release. The court should conduct an individualized assessment, taking into consideration the grade of the violation, to determine whether to revoke supervised release. USSG §7C1.3(b)

A Grade C violation with a Criminal History Category V (determined at the time of sentencing) establishes an **imprisonment range of 7 to 13 months.** USSG § 7C1.5, p.s.

Pursuant to USSG § 7C1.3 p.s. comment (n.2), upon a report of non-compliance or a finding of a violation, the court may take any appropriate action provided under 18 U.S.C. § 3583, which includes extension, modification, revocation, or termination of supervised release. If revocation is not statutorily required, the court may also consider an informal response, such as issuing a warning while maintaining supervised release without modification, continuing the violation hearing to provide the defendant time to come into compliance, or directing the defendant to additional resources needed to come into compliance.

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court may reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

PROB12(C)
Name of Offender: Jose Ramon Carrazco                                          May 22, 2026
Docket No.: 23CR00738-001-BAS                                                        Page 4

In this case, the court has the authority to reimpose a term of 3 years supervised release, less any term of imprisonment imposed upon revocation. The court has imposed an aggregate of 29 months' custody in this case. 18 U.S.C. § 3583(b).

## JUSTIFICATION FOR BENCH WARRANT

Mr. Carrazco has been unresponsive to the probation officer's attempts to contact him. At this point, he has absconded from supervision. As such, the probation officer recommends the issuance of a bench warrant for his arrest.

## RECOMMENDATION/JUSTIFICATION

In determining an appropriate sentencing recommendation, the undersigned has considered the 18 U.S.C. § 3553 sentencing factors and goals, the nature of the noncompliance, and the supervisee's individual risks and needs, which include his poor performance on previous and current supervised release terms, lack of prosocial support, and his history of noncompliance. Mr. Carrazco has yet to report to the probation office as directed. He has failed to make himself available to the probation officer. Given Mr. Carrazco's lack of cooperation and disregard for supervision, a custodial sanction is warranted to address the noncompliance.

After a careful and individualized assessment of the case, the undersigned respectfully recommends a 12-month term of imprisonment, with no supervised release to follow. At this point, probation finds Mr. Carrazco is no longer amenable to supervised release, as he is uninterested in abiding by the Court's conditions. Should he desire treatment services in the future, he is familiar with the treatment resources available to him and will be able to obtain these services of his own accord. As such, another term of supervised release is not recommended.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: May 22, 2026**

Respectfully submitted:                                  Reviewed and approved:
JENNIFER K. WALKER
CHIEF PROBATION OFFICER

by

Lillian Ramirez                                          Lorena Gonzalez
U.S. Probation Officer                                   Supervisory U.S. Probation Officer
(760) 339-4212

PROB12CW                                                                                        May 22, 2026

## VIOLATION SENTENCING SUMMARY

1. **Defendant:** Carrazco, Jose Ramon

2. **Docket No.** (Year-Sequence-Defendant No.): 23CR00738-001-BAS

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7C1.1):

| Violation(s) | Grade |
|---|---|
| Failure to report to the probation office | C |
| Failure to follow the instructions of the probation officer | C |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

4. **Most Serious Grade of Violation** (*See* USSG § 7C1.1(b))          [     C     ]

5. **Criminal History Category** (*See* USSG § 7C1.5)                       [     V     ]

6. **Range of Imprisonment** (*See* USSG § 7C1.5)          [   7 to 13 months ]

7. **Unsatisfied Conditions of Original Sentence**: List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7C1.4 p.s. comment (n.4)):

| | | | |
|---|---|---|---|
| Restitution ($) | _____ | Community Confinement | _____ |
| Fine ($) | _____ | Home Detention | _____ |
| Other | _____ | Intermittent Confinement | _____ |

Case 3:23-cr-00738-BAS Document 82 (Court only) Filed 05/26/26 PageID.297
Case 2:26-mj-01443-JFM Document 1 Filed 06/02/26 Page 6 of 6
Page 6 of 6

PROB12(C)
Name of Offender: Jose Ramon Carrazco
Docket No.: 23CR00738-001-BAS

May 22, 2026
Page 6

## THE COURT ORDERS:

X     AGREE. A BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____ Other _____

_____

_____

The Honorable Cynthia Ann Bashant
Chief U.S. District Judge

May 26, 2026
Date
fg